UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__6/28/2023__
```

-----------------------------------------------------------------------X
                                                        :
JOSE GARCIA AQUINO,                                     :
                                                        :
                              Plaintiff,                :
                                                        :          23-cv-03406 (LJL)
                    -v-                                  :
                                                        :          MEMORANDUM &
NILSON POLANCO d/b/a NILSON CONSTRUCTION,   :          ORDER
                                                        :
                              Defendant.                :
                                                        :
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        This case concerns alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et*

*seq.* as well as violations of the New York Labor Law, Section 190, *et. seq.*  At a court

conference on June 28, 2023, *pro se* defendant Nilson Polanco ("Defendant") requested

appointment of *pro bono* counsel for the limited purpose of pursuing a settlement conference

with the Magistrate Judge.  For the reasons discussed below, Defendant's request is granted.  The

Clerk of Court is respectfully directed to attempt to locate *pro bono* counsel to represent

Defendant for the limited purpose of assisting Defendant with settlement.

        Unlike in criminal cases, there is no requirement in civil cases that courts provide

indigent litigants with counsel.  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).

Instead, a court has "broad discretion" when deciding whether to seek *pro bono* representation

for a civil litigant.  *Id.*  Although a court has no authority to "appoint" counsel, it may instead

"request" that an attorney volunteer to represent a litigant.  *Mallard v. U.S. Dist. Court for the S.*

*Dist. of Iowa*, 490 U.S. 296, 301 (1989).   Because courts do not have funds to pay counsel in

civil matters, courts must request the services of *pro bono* counsel sparingly, and with reference

to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

The relevant factors are set forth in *Hodge*, 802 F.2d at 60–62.  The Court considers (1) whether the party's position "seems likely to be of substance"; (2) whether the issues presented "might require substantial factual investigation" and "the indigent's ability to investigate the crucial facts"; (3) "the [indigent party's] apparent ability to present the case" and "whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder"; (4) whether the "case's factual issues turn on credibility"; (5) whether the legal issues presented are complex; and (6) "any special reason . . . why appointment of counsel would be more likely to lead to a just determination."  *Id.*  The Second Circuit also held that these factors are not restrictive, that "all, or indeed any, of the factors" need not be controlling in any particular case, and that "[e]ach case must be decided on its own facts."  *Id.* at 61.

Here, the Court finds that the appointment of *pro bono* counsel for purposes of settlement is justified.  At the conference, the parties expressed divergent views as to the Defendant's potential liability in the case.  Plaintiff stated the basis for liability.  Defendant stated that he believed he had no liability as to the causes of action alleged by Plaintiff, although he stated that he would benefit from legal counsel on the issue.  Both parties indicated a willingness in good faith to pursue settlement discussions and that each would keep an open mind with respect to the position of the other.   The Court therefore believes that settlement discussions would be helpful at this early stage before the parties devote resources to litigation.  Plaintiff has satisfied the *Hodge* standards.  Both Plaintiff and Defendant present positions of substance, Defendant—a *pro se* party who speaks Spanish and has limited facility with the English language—has a limited

ability to investigate and present his case, counsel would be helpful in understanding and explaining to Defendant the complex issues that occasionally arise in lawsuits of this sort, and— of particular relevance—counsel would be helpful in exploring whether a settlement is possible in this case.

The Court advises Defendant that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Defendant.  If an attorney volunteers, the attorney will contact Defendant directly to determine if each party (Defendant and counsel) desire to go forward with the representation.  There is no requirement on the part of Defendant to retain the counsel who has volunteered.  The Court typically does not vet and will not have vouched for the lawyer who volunteers.  By the same token, however, there is no guarantee that a volunteer attorney will decide to take the case even if an attorney agrees to contact Defendant for the purpose of discussing potential representation and Defendant should be prepared to proceed with the case without an attorney.

SO ORDERED.

Dated: June 28, 2023
      New York, New York

_____
            LEWIS J. LIMAN
      United States District Judge